**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-4233**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SAQUON DEVON DOZIER,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:21-cr-00251-WO-3)

Submitted:  July 31, 2023                          Decided:  September 1, 2023

Before WILKINSON and AGEE, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

**ON BRIEF:** Mark A. Jones, BELL, DAVIS & PITT, P.A., Winston-Salem, North Carolina, for Appellant.  Nicole Royer DuPre, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Saquon Devon Dozier seeks to appeal his conviction and sentence after pleading guilty to possession of a firearm by a felon. On appeal, Dozier's attorney has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no nonfrivolous grounds for appeal but raising the issues of whether his guilty plea and appeal waiver were knowing and voluntary, and whether his sentence is reasonable. The Government has moved to dismiss the appeal as barred by Dozier's appeal waiver. Dozier was notified of his right to file a pro se supplemental brief but has not done so. We dismiss the appeal.

"In order for a guilty plea to be valid, the Constitution imposes 'the minimum requirement that [the] plea be the voluntary expression of [the defendant's] own choice.'" *United States v. Moussaoui*, 591 F.3d 263, 278 (4th Cir. 2010). "It must reflect a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Id*. (internal quotation marks omitted). "In evaluating the constitutional validity of a guilty plea, courts look to the totality of the circumstances surrounding [it], granting the defendant's solemn declaration of guilt a presumption of truthfulness." *Id*. (internal quotation marks omitted). Rule 11 of the Federal Rules of Criminal Procedure "governs the duty of the trial judge before accepting a guilty plea." *Boykin v. Alabama*, 395 U.S. 238, 243 n.5 (1969); *United States v. Soloff*, 993 F.3d 240, 244 (4th Cir. 2021).

Rule 11 "requires a judge to address a defendant about to enter a plea of guilty, to ensure that he understands the law of his crime in relation to the facts of his case, as well as his rights as a criminal defendant." *United States v. Vonn*, 535 U.S. 55, 62 (2002). "The court also must determine that the plea is voluntary and that there is a factual basis for the

2

plea." *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). We review the entire record to evaluate a challenge to the validity of a plea. *See Greer v. United States*, 141 S. Ct. 2090, 2098 (2021); *United States v. Vonn*, 535 U.S. 55, 58-59 (2002); *United States v. Heyward*, 42 F.4th 460, 467 (4th Cir. 2022). When a defendant appeals the validity of a guilty plea but did not preserve the challenge in the district court, this Court reviews for plain error. *United States v. Miller*, __ F.4th __, 2023 WL 4673749, at *4 (4th Cir. July 21, 2023); *United States v. Aplicano-Oyuela*, 792 F.3d 416, 422 (4th Cir. 2015).

"We have consistently held that appellate waivers in valid plea agreements are enforceable." *Soloff*, 993 F.3d at 243. "When the government seeks to enforce an appeal waiver and has not breached the plea agreement, we will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted). We review an appeal waiver de novo to determine whether it is enforceable. *Id*.

"A 'valid' appeal waiver is one entered by the defendant knowingly and intelligently, a determination that we make by considering the totality of the circumstances." *Id*. "When a district court questions a defendant during a Rule 11 hearing regarding an appeal waiver and the record shows that the defendant understood the import of his concessions, we generally will hold that the waiver is valid." *Id*. "[W]e have explained that 'a district court's failure to strictly abide by Rule 11 will not alone render an appellate waiver unenforceable.'" *Soloff*, 993 F.3d at 244. "Consistent with Rule 11's harmless error provision, '[f]orm should not prevail over substance' in evaluating the enforceability of appellate waiver provisions." *Id*.

"Plea agreements are grounded in contract law, and as with any contract, each party is entitled to receive the benefit of his bargain." *United States v. Edgell*, 914 F.3d 281, 287 (4th Cir. 2019) (internal quotation marks omitted). But, "[a] defendant who waives his right to appeal a plea 'retains the right to obtain appellate review of his sentence on certain limited grounds.'" *United States v. McCoy*, 895 F.3d 358, 363 (4th Cir. 2018). "An appeal waiver does not preclude a defendant from challenging a sentence 'based on a constitutionally impermissible factor' or 'a sentence imposed in excess of the maximum penalty provided by statute.'" *United States v. Cornette*, 932 F.3d 204, 209 (4th Cir. 2019). Moreover, "even valid appeal waivers do not bar claims that a factual basis is insufficient to support a guilty plea." *McCoy*, 895 F.3d at 364. "The rationale for these exceptions is that they present claims that if true, would render the plea itself unknowing or involuntary." *Id.* at 363; *see also United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016) (noting this Court will not enforce an appeal waiver if doing so would result in a miscarriage of justice, and ruling that cognizable claim of actual innocence fell outside scope of waiver).

Upon our review of the record, we conclude that Dozier has not shown any plain error by the district court in accepting his guilty plea affecting his substantial rights, and his guilty plea was knowing and voluntary. We further conclude that Dozier knowingly and voluntarily waived his right to appeal his conviction and sentence, and the issues raised on appeal fall within the scope of the waiver. We have also reviewed the record for any potentially meritorious issues that might fall outside the waiver and have found none.

Accordingly, we grant the Government's motion to dismiss the appeal. This court requires that counsel inform Dozier, in writing, of his right to petition the Supreme Court

4

of the United States for further review.  If Dozier requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Dozier.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*